**Michelle M. MAY, Appellant,**

v.

**Edward C. MAY, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 2003.
Filed Nov. 25, 2003.

David P. Brandt, Franklin, for appellant.

F. Walter Bloom, Oil City, for appellee.

BEFORE: HUDOCK and GRACI, JJ., and McEWEN, P.J.E.

OPINION BY GRACI, J.:

¶ 1 Appellant, Michelle May, ("Mother") appeals the February 27, 2003, order of the Court of Common Pleas of Venango County, ordering that Edward May ("Father") is entitled to claim the federal child dependency tax exemption for the parties' son, Michael R. May. For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 The trial court aptly summarized the factual and procedural history as follows:

> On November 1, 2000, the [Domestic Relations Hearing Officer ("DRHO")] entered a support obligation for [Father] in the amount of $250.00 a month for the support of his three children. On August 21, 2002, [Father]'s support obligation was modified to $755.09 per month. On October 9, 2002, the court sustained exceptions to the DRHO's recommendation. The court adjusted the support obligation to $622.38 per month and permitted [Father] to claim one of the parties' three children under the federal child dependency tax exemption. [Mother] requested that the DRHO hear the issue of tax exemptions, and the request was granted on November 14, 2002. On December 4, 2002, the DRHO adjusted [Father]'s support obligation to $637.56 and granted all three tax exemptions to [Mother]....

Opinion, 2/27/03, at 1.

¶ 3 Father then filed exceptions to the Order in reference to both the child dependency tax exemption and the increase in support amount. The trial court sustained Father's exceptions to the DRHO's recommendation on both issues and reverted to its allocation of October 9, 2002 by reassigning one child dependency tax exemption to Father and reducing Father's support obligation to $622.38. Order, 2/27/03, at 1.

¶ 4 Mother raises the following issues on appeal:

1. Whether a court in a child support proceeding, may, pursuant to Pa.

R.C.P. 1910.16–2(f), award one or more child dependency exemptions to an obligor [Father] with a lower net income than an obligee [Mother][?]

. . .

2. Whether a court in a child support proceeding, may, pursuant to Pa. R.C.P. 1910.16–2(f), award one or more child dependency exemptions to an obligor [Father], where no evidence is introduced concerning the tax consequences of the award and where the tax consequences are not made part of the support calculation[?]

. . .

Appellant's Brief, at 3.

## II. DISCUSSION

 ¶ 5 Our standard of review in child support cases is well settled:

The amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Kessler v. Helmick,* 449 Pa.Super. 113, 672 A.2d 1380, 1382 (1996) (quoting *Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75, 77 (1989) (*en banc* )). For our purposes, "an abuse of discretion requires proof of more than a mere error of judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unrea-

sonable or based on bias, ill will, prejudice or partiality."

*Isralsky v. Isralsky,* 824 A.2d 1178, 1186 (Pa.Super.2003) (citations omitted).

¶ 6 Section 152(e)(1) of the Federal Tax Code sets forth the general rule that the custodial parent is entitled to the dependency exemptions. 26 U.S.C.A. § 152(e)(1). This Court provided a most helpful review of the history of § 152(e)(1) in *Miller v. Miller,* 744 A.2d 778 (Pa.Super.1999). *Miller* explained that:

Prior to the Tax Reform Act of 1984, § 152(e) provided that the non-custodial parent was entitled to the exemption if he or she paid more than $1,200 per year in child support and the custodial parent could not prove that she provided more support than the non-custodial parent. "At that time, it was well-settled that a state court had the authority to allocate a dependency exemption to a non-custodial parent."

Congress amended § 152 in 1984 to provide that the custodial parent was automatically entitled to the dependency exemption except in three enumerated instances: (1) where there are multiple support agreements; (2) if a qualified pre–1985 instrument provides that the non-custodial parent shall take the exemptions and that parent pays more than $600 per year; and (3) if the custodial parent signs a written declaration that she will not take the exemption, and attaches that declaration to her tax return. 26 U.S.C.A. § 152(e). . . .

*Id.* at 784. This Court opined that:

it is clear from this legislative history that the "purpose [of the amendments] was to alleviate the administrative burden which had been placed on the Internal Revenue Service (I.R.S.) due to the necessity for it to become involved in making determinations as to which parent provided the larger portion of a

child's support if the parties disagreed and both sought to claim the exemption."

This legislative history does not suggest that the changes were made to preclude state courts from exercising their authority regarding the exemption. Instead, "this silence demonstrates Congress' surpassing indifference to how the exemption is allocated so long as the IRS doesn't have to do the allocating." *Id.* (citations omitted).

¶ 7 The *Miller* court proceeded to "join the growing majority of jurisdictions holding that state courts may use their equitable powers to allocate the dependency exemption to non-custodial parents." *Id.* at 785 (footnote omitted). The *Miller* court further opined that, "[t]he primary purpose of this allocation is to maximize the income available for the support of the minor children." *Id.*

¶ 8 The Dependency Tax Exemption section of the Support Guidelines was added on October 30, 2001, after our decision in *Miller*, and provides as follows:

(f) **Dependency Tax Exemption.** In order to maximize the total income available to the parties and children, the court may, as justice and fairness require, award the federal child dependency tax exemption to the non-custodial parent, or to either parent in cases of equally shared custody, and order the other party to execute the waiver required by the Internal Revenue Code, 26 U.S.C.A. § 152(e). The tax consequences resulting from an award of the child dependency exemption must be considered in calculating each party's income available for support.

Pa.R.C.P. 1910.16–2(f). This addition to the Support Guidelines apparently codified our decision in *Miller* which granted the trial court the ability to assign the dependency tax exemptions in a "just and fair" manner.

¶ 9 Mother asserts that a "just and fair" distribution of the tax exemption is that which provides the greatest cumulative net income to the parties. Appellant's Brief at 8. Mother argues that the trial court erred by awarding a dependency tax exemption to Father because the award fails to maximize the total income available to the parties and children because Father's net income is lower than hers. *Id.* at 9. According to Mother's calculations, Father will enjoy a tax savings from the dependency exemption of $1,155.00. With the loss of a dependency exemption, Mother argues she will incur an additional tax burden of $1,477.00 resulting in a net loss of total family income of $322.00 which amounts to a difference of only $26.83 per month.[1] Mother concludes her argument by claiming that, "this does not appear to be a proper case for the application of Pa.R.C.P. 1910.16–2(f) because it does not maximize the income available to the parties and the children which is the stated purpose of Pa.R.C.P. 1910.16–2(f)." *Id.* at 10. The trial court, while noting that *Miller* preceded Rule 1910.16–2(f), concluded (correctly in our view) that *Miller* tracks the present rule. The trial court then opined that a fair and just outcome in this

1. We note that Mother failed to include her remaining two dependency deductions into her income calculation when she calculated her own adjusted income after the assignment of the one dependency deduction to Father. Appellant's Brief, at Appendix 1. Upon performing our own calculations including Mother's remaining two dependency deductions we find that Mother and Father are both in the same 15% Federal Income Tax Bracket. Therefore the assignment of a single $3000.00 dependency deduction to Father results in an increase of $450.00 in his annual net income and a loss of $450.00 in annual net income to Mother. There is however, no change in the total net income available to the parties.

case required the consideration of factors other than simply the maximization of income. The trial court explained:

> [This] court recognizes that [Mother] has a higher income than [Father], and allowing [Mother] to take the exemption may result in a little more money available to the family as a unit, overall. However, the monetary difference is not significant enough to justify disallowing [Father] to claim one of the three [exemptions]. We find under the circumstances this is the just and fair disposition, and furthermore, we are able to use the exemption as some in[c]entive for the father to be current on his support.

Opinion, 2/27/03, at 2.

¶ 10 This Court has often stated that the purpose of child support is to promote the child's best interests and the trial court is in the best position to determine those interests. *Sternlicht v. Sternlicht*, 822 A.2d 732 (Pa.Super.2003); *Colonna v. Colonna*, 788 A.2d 430 (Pa.Super.2001). In the case before us, the trial court reasoned that in light of the minimal loss of family income that would result from the award of an exemption to father, the interests of the children would be better served by utilizing the exemption to encourage Father to be timely in his support payments.

¶ 11 This conclusion is not inconsistent with *Miller*. Though we said that the "primary purpose" of allocating the dependency tax exemption was to maximize income available for child support, our choice of language indicates that there were other purposes. Another purpose, as identified by the trial court, on the facts of this case, is to provide an incentive for timely payment of child support which, quite obviously, promotes the best interests of the children who are the subjects of the support order. Moreover, providing this exemption to Father, while giving the incentive identified by the trial court, also tends to increase or "maximize" the income he has to satisfy his support obligation.

¶ 12 Mindful of our standard of review we find no abuse of discretion in the trial court's determination that the incentive value outweighed the monetary savings in allocating the child dependency tax exemption to father.

¶ 13 Next, Mother, claims that the trial court failed to consider the tax consequences of its decision. The court's 1925(a) opinion indicates that it did consider the tax consequences of its decision to assign one of the tax exemptions to father. As we explained above, the trial court recognized that Mother has a higher income than Father and that allowing Mother to take the exemption could result in a little more money available to the family for child support but that the monetary difference was not significant enough to justify disallowing the defendant to claim one of the three exemptions. We find that this analysis satisfies the requirement of Rule 1910.16–2(f), which requires that the tax consequences of awarding the child dependency exemption "must be considered in calculating each party's income available for support."

¶ 14 The trial court performed the necessary calculations and properly set Father's support obligation to $622.38. Mother's argument that Father's new obligation should be $666.64 per month when he receives the dependency exemptions is inaccurate because she did not include her remaining two dependency exemptions into these calculations. Appellant's Brief, at Appendix. As the learned trial court stated, the change in each party's share of the total income after the assignment of

the one exemption to Father is negligible.[2] Therefore we find the trial court did not abuse its discretion by assigning the tax exemption to Father and setting his support obligation to $622.38.

## III. CONCLUSION

¶ 15 We agree with the trial court's determination that Father was entitled to one of the tax exemptions. We find no abuse of discretion in the trial court's determination that the best interest of the children were best served by assigning the exemption to Father because the minimal loss of annual income to the parties was outweighed by the benefits of providing an incentive value for Father to be current on his support payments. Additionally, we find the trial court performed the analysis required under Pa.R.C.P. 1910.16–2(f) regarding the net income available for support by Father and Mother.

¶ 16 Order affirmed.

2. We calculated the change in each party's share of the total income to be less than one percent of the total income available.